

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARTHA O'BRIEN, <u>et</u> <u>al</u>., | ) | NO. CV 06-6308 RSWL (FMOx) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| KRISTINE E. EUBANKS, <u>et</u> <u>al</u>., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

After considering the submissions of the parties, and pursuant to Federal Rule of Civil Procedure 26(c), the court hereby enters the following Protective Order to govern discovery in this action.

<u>GOOD CAUSE STATEMENT</u>

This action involves claims between indirect competitors in the art industry, and raises issues relating to art sales in limited edition prints, open edition prints and art licensing. Confidential, private, proprietary, sensitive information may be sought in this action. Should such information become available to the public or the parties' competitors, potential harm and prejudice could befall the party whose information was disclosed. The public disclosure of business marketing techniques, cost of goods, sales prices, profit margins or customer information could prove harmful to a party's business and/or reputation. This type of information may not be easily available to the public or competitors. The confidential information if known to a competitor could

put the disclosing party at an economic disadvantage.  The public disclosure of private client/customer information could cause an inappropriate intrusion in the customers' affairs and businesses.  This information, to the extent relevant to this case may warrant special protection from disclosure pursuant to Fed. R. Civ. P. 26(c).

1.     ***Applicability of This Protective Order***.  All testimony, information, things, and documents filed with the Court or produced by any party or nonparty in discovery in this action shall be governed by this Protective Order.

2.     ***Use of Information Produced Pursuant to This Order***.  Testimony, information, things and documents produced or exchanged in discovery in this case and designated by a party or nonparty as "Confidential" pursuant to the terms of this Protective Order (hereafter collectively referred to as "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order.  Confidential Material shall be used, by the party or parties to whom the information is produced, solely for the purpose of litigating this case, including appeals.  Such information and material shall not be used or disclosed to any other person or entity for any other use or purpose, unless otherwise agreed in writing by the producing party or so ordered by a court.  For purposes of this Protective Order, the party or nonparty designating testimony, information, things or documents as Confidential Material is defined as the "Designating Party."  Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose.

3.     ***Confidential Information Designation***.  A party or nonparty may designate as "CONFIDENTIAL" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and which contains trade secrets (as defined in Cal. Civ. Code § 3426.1(d)); private, personal information; proprietary business or financial information; nonpublic contracts; sales information; or client and customer lists.  The designation of material as "CONFIDENTIAL" shall be made in good faith and (1) not impose burden or delay on an opposing party; or (2) not for any tactical or other advantage in litigation.  Further, each party shall avoid, as much as possible, the inclusion of Confidential Material in briefs and other captioned documents filed in court, in order to minimize sealing and designating as

"CONFIDENTIAL" such documents. No such designation shall be made, however, unless counsel of record believes in good faith that the designated material actually qualifies for such protection.

4.    ***Designating and Marking Confidential Material***.  Confidential Material shall be designated and marked as follows:

a.    A document is to be designated as Confidential Material by stamping or writing on it the following legend, or an equivalent thereof:  "CONFIDENTIAL."  The legend shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

b.    Information or material produced in an electronic medium (such as floppy diskette, CD, DVD or tape) is to be designated as Confidential Material by marking or labeling the medium container with one of the legends specified in subsection 4(a) above. If any person or entity who receives such a designated electronic medium prints or otherwise transfers to another medium any of the information contained on the electronic medium, any resulting document or other medium shall be marked by that person or entity as Confidential Material in accordance with subsection 4(a) above or this subsection 4(b).

c.    A physical exhibit is to be designated as Confidential Material by affixing to it a label with the legend specified in section 4(a) above.

d.    A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, the legend specified in subsection 4(a) above.

e.    Whenever a deposition involves a disclosure of materials or information that any party asserts should be designated as "Confidential Material," the deposition shall be designated in accordance with this Protective Order.  Such designation shall be made at the deposition and/or within 10 days after the Designating Party has received the written copy of the deposition transcript from the court reporter.  During the deposition, the Designating Party shall have the right to exclude from attendance all persons other than those permitted to view the information under this Protective Order.

5. ***Inadvertent Misdesignation***.  A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" shall have 20 days after learning of the inadvertent failure or mistake to correct its failure or mistake.  The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material.  Within one day of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof.

6. ***Disclosure of Confidential Materials***.  Materials designated as "CONFIDENTIAL" may be disseminated only to the following persons, all of whom shall be bound by this Protective Order:

    a.    Counsel of record working on this action on behalf of any party and counsel's partners and associates;

    b.    Expert witnesses and consultants retained by counsel of record who are directly participating in this action; and

    c.    Paralegals and secretarial and clerical employees of counsel of record who are directly participating in the action, including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel, provided, however, that none have any relationship whatsoever as employees, officers, directors or owners of any party to this litigation.

Prior to providing any protected information to any person, counsel of record shall provide such person with a copy of this Protective Order.

7. ***Use of Confidential Material by Designating Party***.  Nothing in this Protective Order limits a party's ability to show materials which that party has designated as "CONFIDENTIAL" to whomever the Designating Party may deem appropriate.  Further, nothing in this Protective Order limits a party's ability to show materials designated by another party as "CONFIDENTIAL" to the party that designated the materials as "CONFIDENTIAL," including any present officer, director, employee, or representative thereof.

8. ***Protecting Confidential Materials***.  Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and

1 | dissemination of such material, to avoid any intentional or inadvertent disclosure to persons to

2 | whom disclosure is not permitted under this Protective Order.

3 |        9.     ***Challenging Designation of Materials as Confidential***.  Either party may file a

4 | motion, pursuant to the Local Rules pertaining to discovery motions and the District Judge's

5 | Scheduling Order, for an order that certain Confidential Material is not, in fact, confidential.  On

6 | such a motion, the party asserting confidentiality shall have the burden of proving that the

7 | Confidential Material in question is protectable under Fed. R. Civ. P. 26(c) or on some other basis.

8 | A party shall not be obligated to challenge the propriety of a designation of Confidential Material

9 | at the time made, and failure to do so shall not preclude subsequent challenge.  A party may

10 | challenge the other party's designation of information or materials produced herein as

11 | "CONFIDENTIAL" by serving a written objection upon the producing party.  The producing party

12 | shall notify the challenging party in writing of the bases for the asserted designation within ten (10)

13 | days after receiving any written objection.  The parties shall conduct a good faith meet and confer

14 | in person as to the validity of the designation within 10 days after the challenging party has

15 | received the notice of the bases for the asserted designation.  To the extent the parties are unable

16 | to reach an agreement as to the designation, the objecting party may make an appropriate motion

17 | pursuant to Local Rule 37.  Until such time as the court renders a decision on such dispute, the

18 | disputed material shall be treated as Confidential Material.

19 |        10.     ***Submitting Confidential Materials to the Court***.  If any material designated as

20 | "CONFIDENTIAL" is filed with the court, the party seeking to file such material shall comply with

21 | Local Rule 79-5 prior to filing such material with the court.

22 |        11.     ***Improper Disclosure of Confidential Materials***.  In the event of any accidental or

23 | inadvertent disclosure of Confidential Material, or information that is, or appears to be, privileged

24 | and/or confidential, other than in a manner authorized by this Protective Order, counsel shall

25 | comply with their ethical obligations as set forth in State Compensation Insurance Fund v. WPS,

26 | Inc., 70 Cal.App.4th 644 (1999).  Compliance with the foregoing shall not prevent the disclosing

27 | party from seeking further relief from the court.

28 |

12.     ***Information Protected by Privilege, Work Product, or Other Doctrine***.  This Protective Order is entered solely for the purpose of facilitating the exchange of material without involving the court unnecessarily in the process.  Nothing in this Protective Order, or the producing of any material under the terms of this Order, or any proceedings pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver by any party, or altering the confidentiality or non-confidentiality of any such material, or altering any existing obligation of any party or the absence thereof.

13.     ***Pretrial Order***.  This Protective Order is strictly a pretrial order and does not govern the trial in this action.  Once this case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

14.     ***Return of Confidential Material***.  Upon termination of this case and the expiration of any rights of appeal, counsel for the parties shall assemble and return to the supplying parties, within 30 days, all material designated as "CONFIDENTIAL" and all copies of the same, or shall certify the destruction thereof to the supplying parties; provided, however, that outside counsel may retain one copy of each document solely for the purpose of reference in the event of any dispute concerning the use or disclosure of information so designated and may retain copies of such materials to the extent that they contain, include, or affect attorney work product of the receiving attorney.

15.     ***Violations of Protective Order***.  Any person violating this Protective Order may be subject to appropriate sanctions imposed by the court.

16.     ***Modification of Protective Order***.  Any litigation with respect to this Protective Order shall be conducted pursuant to the Local Rules.  This Order is subject to modification by the court.

Dated this 16th day of July, 2008.

_____
/s/
Fernando M. Olguin
United States Magistrate Judge